**Mr. & Mrs. N.C., on behalf of their son M.C. a handicapped child, Plaintiffs,**

v.

**BEDFORD CENTRAL SCHOOL DISTRICT, William Reulbach, in his individual capacity, Rory Mackie, in her individual capacity, and Linda Schulter, in her individual capacity, Defendants.**

**No. 04 Civ. 2627(SCR).**

United States District Court, S.D. New York.

Aug. 27, 2004.

S. Jean Smith, S. Jean Smith, Esq., P.C., New York, NY, for Plaintiffs.

Neil Martin Block, Ingerman Smith, L.L.P., Northport, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

## I. *BACKGROUND:*

### A. PROCEDURAL HISTORY:

On or about March 7, 2004, Mr. and Mrs. N.C. (the "Plaintiffs") commenced

this action against the Bedford Central School District (the "District") and against three individual defendants: William Reulbach, a social worker employed by the District ("Dr. Reulbach"), Rory Mackie, a middle school guidance counselor employed by the District ("Ms. Mackie"), and Linda Schluter, the Assistant Superintendent for Special Education and Student Services ("Ms. Schluter"; collectively the District, Dr. Reulbach, Ms. Mackie and Ms. Schluter are referred to herein as the "Defendants"). The Plaintiffs filed this action on behalf of their son, M.C. (the "Student"), a former student in the District.

On or about April 21, 2004, Plaintiffs served a First Amended Complaint (the "Complaint") on the Defendants. The Complaint asserts four causes of action against the Defendants: (1) a violation of the Student's fundamental right to privacy pursuant to 42 U.S.C. § 1983 ("1983")[1] against Dr. Reulbach and Ms. Mackie; (2) a claim against all of the Defendants pursuant to New York State Civil Rights Law § 50-b (" § 50-b")[2] for a violation of the Student's right to privacy; (3) a claim against Ms. Schluter for a failure to supervise pursuant to § 1983; and (4) a claim against the District for a failure to provide adequate training and supervision to its personnel pursuant to § 1983.

On or about May 3, 2004, Defendants filed a motion to dismiss the Plaintiffs' Complaint (the "Defendants' Motion") for the failure to state a claim arguing (1) that the communications regarding the Student's sexual abuse served a legitimate educational purpose and therefore did not violate any constitutional right; (2) that Dr. Reulbach and Ms. Mackie have a qualified privilege arising from their interest in assisting the Committee of Special Education (the "CSE") in its evaluation of the Student; (3) that the claims of supervisory liability against Ms. Schluter should be dismissed on the grounds of qualified immunity; and (4) that the District is not liable, first, because the Plaintiffs fail to allege a violation of a policy or custom and, second, because liability does not arise for unforeseeable error. In regard to the Plaintiffs' cause of action arising under § 50-b, the Defendants' Motion argues that the statute does not provide a private right of action and thus should be dismissed or, alternatively, should be dismissed for lack of proper pendent jurisdiction. The Plaintiffs filed an opposition to the Defendants' Motion (the "Plaintiffs' Opposition"), and the Defendants submitted a reply (the "Defendants' Reply").

Additionally, on or about May 23, 2004, the Plaintiffs filed a motion requesting permission to file a supplemental pleading (the "Supplemental Pleading Motion") pursuant to Federal Rule of Civil Procedure 15(d).[3] The Supplemental Pleading Mo-

---

1. Section 1983 provides:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States of other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

2. Section 50-b creates a right of privacy for victims of sex offense and states that "no report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection." The statute further states that "no such public officer or employee shall disclose any portion of any police report, court files, or other document, which tends to identify such a victim" with certain exceptions.

3. Federal Rule of Civil Procedure Rule 15(d)

tion seeks to add a claim appealing the decision by the CSE, pursuant to the Individuals with Disabilities Education Act ("IDEA"), that the Student is not handicapped within the meaning of the IDEA (the "CSE Decision"). The Defendants oppose the Supplemental Pleading Motion arguing that it raises separate and distinct claims from the Complaint and that these new claims do not involve the same facts and circumstances.

On or about July 20, 2004, the Plaintiffs and Defendants appeared before this Court for oral argument. At the Court's request, on or about July 23, 2004, the Plaintiffs provided this Court with a letter that cited the specific communications allegedly made by Dr. Reulbach, which gave rise to the Plaintiffs' claims (the "Plaintiffs' Letter"). On or about July 29, 2004, the Defendants provided this Court with a reply to the Plaintiffs' Letter.

## B. FACTUAL BACKGROUND:

In 1999–2000, when the Student was in seventh grade, Mrs. N.C.'s male cousin (the "Cousin"), began giving the Student gifts, watching pornographic videos with the Student, providing prostitutes for the Student to engage in sexual conduct, and prompting the Student to have sexual intercourse with a female while the Cousin watched. In May of 2000, the Plaintiffs became aware of the Cousin's sexual misconduct with the Student and obtained an

Order of Protection (the "Protective Order") against the Cousin. Despite the Protective Order, the Cousin continued to contact the Student and to offer him gifts. By 2001–2002, when the Student was in ninth grade, the Cousin's conduct had escalated to sodomy.[4]

In April of 2002, the Student spoke with Dr. Reulbach and told him that the Cousin had maintained contact with him despite the Protective Order. After receiving such information, Dr. Reulbach accompanied the Student to his home, upon the Student's request, to notify the Plaintiffs of the Cousin's violation of the Protective Order. The Plaintiffs allege that the only person in the District to whom the Student revealed his sexual abuse history was Dr. Reulbach. Upon notification that the Protective Order had been violated, the Plaintiffs contacted the police, and the Cousin was arrested. Subsequently, the Student remained in contact with Dr. Reulbach and related to him that he had been sodomized by the Cousin. Dr. Reulbach and the Student relayed this information to the Plaintiffs.

In March 2003, the Plaintiffs referred the Student to the CSE and sought to have the Student classified as "emotionally disturbed" pursuant to the IDEA.[5] The Plaintiffs described the Student's abuse as "trauma" during the CSE evaluations due to the Student's confidentiality concerns. On or about May 25, 2003, the CSE deter-

mandates that the "court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

4. In April of 2002, The Cousin was identified through a police internet sting. Computer records seized by the police indicated that the The Cousin had been boasting about having sex with his fourteen year old cousin. The

Cousin's arrest was published in local newspapers. The Student testified before Grand Juries in Westchester and Bronx counties to secure indictments against the The Cousin. The The Cousin was sentenced to two to six years in state prison on or about June 25, 2003.

5. A classification as "emotionally disturbed" by the CSE would entitle the Student to special education services. The classification is made pursuant to 8 NYCRR 200.1(4)(zz).

mined that the Student was not emotionally disturbed within the meaning set forth by the IDEA. The Plaintiffs sought an impartial hearing to dispute the CSE's Decision. On or about June 24, 2003, there was a pre-hearing conference, where it was disclosed that the Student had been the victim of sexual abuse. In December of 2003, at a subsequent impartial hearing regarding the CSE's Decision, the Plaintiffs learned that the CSE was aware of the Student's sexual abuse history. Dr. Jeffrey Schein ("Dr. Schein") testified that Ms. Mackie told him that the Student had been sexually abused by an older boy. Dr. Schein testified that he got this information from Ms. Mackie when he interviewed her in conjunction with his administration of a psychological evaluation of the Student as a part of the CSE's review. Additionally, in a written report to the CSE, Dr. Reulbach included a social history of the Student, which provided information regarding the Student's sexual abuse.

## II. *STANDARD OF REVIEW:*

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The burden of proof is on the party moving for a Rule 12(b)(6) dismissal to show that no claim has been stated. The movant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "[A] complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Padavan v. United States,* 82 F.3d 23, 26 (2d Cir.1996), (*quoting Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). During a Rule 12(b)(6) review, the issue for the Court is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). When considering a motion to dismiss for failure to state a claim, the Court must accept the factual allegations set forth in the complaint as true, *Villager Pond v. Town of Darien,* 56 F.3d 375, 377 (2d Cir.1995), and the Court must draw all reasonable inferences in favor of the non-moving party, *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.,* 32 F.3d 697, 699–700 (2d Cir.1994).

## III. *ANALYSIS:*

### A. MOTION TO DISMISS:

1. *Constitutional Right to Privacy and/or Confidentiality:*

█ ·The Defendants' first ground for dismissal under Rule 12(b)(6) is that the Plaintiffs have failed to show that Dr. Reulbach and Ms. Mackie's disclosure violated the Student's constitutional right to privacy. In order to maintain a § 1983 claim, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *See e.g. Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds by *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In the case at bar, the Defendants do not challenge the first element, that the Defendants were "acting under color of state law." However, the Defendants do contest the existence of the second element, deprivation of a constitutional right.

With respect to the Plaintiffs alleged deprivation of a constitutional right, two

constitutional issues arise in this case. First, this Court must determine whether the Student had a right to privacy to keep the information regarding his sexual abuse history confidential. Second, to the extent this Court finds that such a right exists, it must ascertain whether that right was violated when this information was relayed by Dr. Reulbach and Ms. Mackie to the CSE and Dr. Shein.

The Second Circuit has found that the privacy of personal matters is a protected interest, *Barry v. City of N.Y.*, 712 F.2d 1554, 1559 (2d Cir.), cert. denied, 464 U.S. 1017, 104 S.Ct. 548, 78 L.Ed.2d 723 (1983), and has characterized it as a right to "confidentiality," as distinguished from the right to autonomy and independence in decision-making for personal matters. *Doe v. City of N.Y.*, 15 F.3d 264, 267 (2d Cir.1994). While the exact nature and scope of the right to confidentiality has not been fully defined, the Second Circuit in *Barry* held that "some form of intermediate scrutiny or balancing approach is appropriate as a standard of review" and that the Government's interest must be shown to be "substantial." *Barry* at 1559–60. In applying such scrutiny, the Second Circuit has extended the right to privacy regarding one's personal information to various circumstances. *See e.g. Eisenbud v. Suffolk County*, 841 F.2d 42 (1988)(recognizing the right to privacy when dealing with financial disclosures); *Barry*, 712 F.2d 1554 (finding that a provision of the City's financial disclosure law did not violate confidentiality); *Doe v. Marsh*, 105 F.3d 106 (2d Cir.1997)(recognizing the existence of a clearly established constitutional confidentiality-based right to privacy which precluded the state from disclosing that plaintiffs had HIV); *Doe v. City of N.Y.*, 15 F.3d 264 (recognizing the existence of the right to privacy and confidentiality in one's personal medical information).

■ Based upon the foregoing, it is consistent with the Second Circuit's jurisprudence to extend the right to confidentiality to the current situation, where the Student, a minor, was sexually abused. The nature of the abuse inflicted and the Student's adolescence are two factors which indicate that this incident is so personal that it should fall under the umbrella of privacy. Accordingly, this Court finds that the Student has a right to confidentiality with respect to the details surround the sexual abuse; however that right is not absolute and must be balanced against the Defendants' interest in sharing that information for professional purposes.

■ Having found that the Student has a right to confidentiality, this Court must apply the analysis the Second Circuit employed in *Barry*, and the other cases cited above, to determine whether the Defendants had a substantial interest that outweighed the Student's right to privacy. In order to outweigh the Student's right to confidentiality, the Defendants' interest in disseminating the information concerning the Student's sexual abuse history must be "substantial" and must be balanced against the Student's right to confidentiality. *See Barry*, 712 F.2d at 1559–60. The Plaintiffs' claim is based on two specific communications, where the Student's identity and the details of his sexual abuse were revealed. The first cited occasion was when Ms. Mackie told Dr. Shein, during an interview conducted as a part of Dr. Shein's evaluation, that the Student had been sexually abused by an older child.[6] The second cited occasion was Dr.

---

**6.** Upon being asked what he was told, Dr. Shein said, "That he was sexually abused by an older child, an individual. I think it was a boy." Dr. Shein also said, "I was told that he was sexually abused by an older boy," and stated that Ms. Mackie had given him this

Reulbach's testimony to the CSE and his written summary of the Student's social history.[7]

As set forth above, the Plaintiffs have a strong interest in keeping the details of the Student's abuse private because of the nature of the offense and their desire to prevent further trauma to the Student, which might ensue from disclosure to his peers or other members of the community. However, the Defendants, pursuant to their respective responsibilities as social workers and educators, have a substantial interest in setting forth all relevant details about events, which are likely to have impacted the Student's emotional well-being, during an evaluation of the Student's emotional state. All of the communications cited by the Plaintiffs occurred during the course of the evaluation, which was conducted, at the Plaintiffs' request, for the benefit of the Student. Further, each of the cited communications was between parties who had a relevant interest in making available as much pertinent information as possible in order to adequately determine the Student's needs and provide special education resources if needed.[8] Even if this Court accepts the Plaintiffs'

allegations that (a) Dr. Reulbach was the only District employee that the Student informed about the abuse, (b) Dr. Reulbach told Ms. Mackie about the Student's sexual abuse, and (c) incorrect information was relayed regarding the Student's sexual abuse history, the facts provide no basis to infer that Dr. Reulbach and Ms. Mackie were engaging in "prurient gossip" rather than professional communication. The Plaintiffs have not cited to any communications that occurred outside of a professional setting, outside of the scope of the psychological and emotional evaluation of the Student, or amongst individuals without a significant interest in communicating about the Student's sexual abuse history. Therefore, this Court finds that the Defendants' interest in professional communication, for the Student's benefit, outweighs the Student's and the Plaintiffs' rights to confidentiality. Accordingly, the Plaintiffs have failed to state a claim upon which relief may be granted and the Plaintiffs' first cause of action is dismissed with prejudice.

Having found that the Plaintiffs' failed to state a claim upon which relief may be

---

information. Complaint Exhibit 3, Dr. Shein's Direct Examination before the Impartial Hearing Officer, Tr. 704:15–18; 706:24–25; 707:2–7.

7. The Plaintiffs' Letter details various communications regarding the Student's sexual abuse history which the Plaintiffs allege portrayed the sexual abuse as a consensual homosexual relationship. Upon reviewing the Plaintiffs' Letter, the Court finds that Dr. Reulbach's use of "sexual abuse" and "sexual relationship" does not portray the Student's relationship with the Cousin as consensual. Dr. Reulbach clearly testified that the relationship was *not* consensual sodomy. Tr. 546: 10–11. The Plaintiffs also allege that Dr. Reulbach did not have permission to reveal these details, but Dr. Reulbach and the Plaintiffs testified to the contrary at the CSE meeting. Tr. 419: 8–14; Tr. 783: 20–25; Tr.

784:1–5. The Plaintiffs further claim that Dr. Reulbach did not adequately portray the Student as the victim of an adult pedophile, but the Court finds that Dr. Reulbach's Social History portrays the abuse as non-consensual sexual abuse inflicted by a criminal perpetrator. See Notice of Motion Ex. 6. The Court finds no inference of a consensual homosexual relationship.

8. The Student's sexual abuse began when he was in middle school. Ms. Mackie is the middle school counselor. The abuse continued through high school until the Student confided in Dr. Reulbach. The Student's enrollment in the schools where Ms. Mackie and Dr. Reulbach were employed, the fact that the abuse was occurring during those times, and the employment duties of each Ms. Mackie and Dr. Reulbach create a relevant interest in the Student's history.

granted for a violation of their constitutional rights under § 1983, this Court need not address the Plaintiffs third and fourth causes of action against Ms. Schluter for supervisory liability [9] and the District for municipal liability, respectively.[10] Accordingly, the Plaintiffs third and fourth causes of action are hereby dismissed with prejudice.

## 2. *Right to Privacy Arising Under New York Civil Rights Law 50–b:*

■ In addition to alleging a violation of the Student's constitutional privacy rights, the Plaintiffs also claim a violation of the Student's right to privacy under § 50–b of the New York Civil Rights Law. Under the doctrine of pendent jurisdiction, where the state and federal claims derive from a common nucleus of operative fact such that it would ordinarily be expected that they would all be tried in one judicial proceeding, federal courts have the constitutional power to exercise jurisdiction of the state law claims as well as the federal claims. *See e.g. United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, 28 U.S.C. § 1367(c)(3) gives a district court the discretion not to exercise pendent jurisdiction when it has dismissed all of the claims over which it had original jurisdiction. Further, the Supreme Court in *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), announced that when all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise pendent jurisdiction over remaining

state law claims and dismissing them without prejudice. *Id.* at 350, 108 S.Ct. 614. Therefore, in light of the determination that the Plaintiffs' have not stated a viable federal claim under 1983, this Court declines to exercise jurisdiction over the Plaintiffs' § 50–b claim. Accordingly, the Plaintiffs' second cause of action is hereby dismissed without prejudice.

## B. SUPPLEMENTAL PLEADING MOTION:

The Supplemental Pleading Motion was filed on or about May 23, 2004, seeking to serve a supplemental pleading pursuant to Fed.R.Civ.P. 15(d), which would add an additional claim appealing the CSE Decision pursuant to the IDEA. Subsequent to the filing of the Supplemental Pleading Motion, the Plaintiffs commenced a separate lawsuit regarding the CSE Decision, which has been filed with the Clerk of the Court as matter 04 Civ. 6173 and is assigned to this Court. As set forth above, the Defendants' Motion in the current case is granted and the Plaintiffs' four causes of action are dismissed in their entirety. Therefore, the Supplemental Pleading Motion is moot and is hereby denied.

## IV. *CONCLUSION:*

As set forth more fully above,

A. The Defendants' Motion is granted and (a) the Plaintiffs' first, third and fourth causes of action, pursuant to § 1983, are dismissed with prejudice for the failure to state a claim upon which relief may be granted;

---

**9.** The Plaintiffs' third cause of action alleges that Ms. Schluter (a) had supervisory responsibility for the conduct of Dr. Reulbach and Ms. Mackie, and that Ms. Schluter failed to prevent, control and stop inaccurate communications among her staff concerning the Student's sexual abuse history, and (b) when presiding over the CSE, failed to raise any

objections regarding the cited communications.

**10.** The Plaintiffs' fourth cause of action claims that the District is liable for its failure to provide adequate training and supervision to prevent the dissemination of information regarding students who are the victims of sex crimes.

(b) the Plaintiffs' § 50–b claim is dismissed without prejudice for lack of federal jurisdiction; and (c) the Clerk of the Court is directed to close this matter.

B. The Plaintiffs' Supplemental Pleading Motion is denied.

It is so ordered.